IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | NO. 1:14-CR-94 |
| ABDUL JEROME HAYES | § | |

**REPORT AND RECOMMENDATION ON PETITIONS FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed October 20, 2014 in the above numbered case, alleging that the Defendant, Abdul Jerome Hayes, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Original Conviction and Sentence**

The Defendant was sentenced on July 9, 1999, before the Honorable Tucker L. Melancon, United States District Judge for the Western District of Lousiana, after pleading guilty to the offense of felon in possession of a firearm, a class C felony. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 24 and a criminal history category of IV, was 77 to 96 months. The Defendant was sentenced to 96 months' imprisonment, followed by 3 years of supervised release subject to the standard

conditions of release, plus special conditions to include: drug after care and a $100 special assessment.

## II. The Period of Supervision

On June 28, 2013, the Defendant completed his term of imprisonment and began service of the supervision term. On October 15, 2014, this case was reassigned to the Honorable Thad Heartfield, United States District Judge for the Eastern District of Texas.

## III. The Petition

United States Probation filed the instant Petition for Warrant for Offender Under Supervision in this District on October 20, 2014, alleging the following violations: 1) the Defendant was arrested for drug charges, resisting search, and driving while intoxicated on August 10, 2014 in violation of his standard condition that he not commit another federal, state or local crime; 2) the Defendant possessed a controlled substance as indicated by the above arrest in violation of his mandatory condition that he not illegally possess a controlled substance; 3) the Defendant traveled to Louisiana in violation of his standard condition that he not leave the judicial district without permission of the court or probation officer; 4) the Defendant failed to submit monthly reports in violation of his standard condition that he do so; and 5) the Defendant failed to notify his probation officer of his arrest that occurred on August 10, 2014 in violation of his standard condition that he notify his probation officer within 72 hours of being arrested.

## IV. Proceedings

On November 17, 2014, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant

violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the fifth allegation that he violated a standard condition of supervised release, to wit: the Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

The undersigned recommends that the court revoke the Defendant's supervised release and impose a sentence of twelve (12) months' imprisonment to run concurrently with case numbers 1:05-CR-46 and 1:14-CR-95 with no supervised release to follow. The undersigned also recommends the Tucson Federal Correction Complex be designated as the facility to serve this sentence.

## V. Principles of Analysis

If the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class C felony; therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by failing to notify the probation officer within

seventy-two hours of being arrested, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. In the case of a revocation of supervised release based on a Grade C violation and a criminal history category of IV, the guideline imprisonment range is 6 to 12 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated his conditions of supervised release by failing to notify the probation officer within seventy-two hours of being arrested. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release in each petition.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is a IV. Policy guidelines suggest 6 to 12 months' imprisonment. The Defendant did not comply with the conditions of his supervision. As such, incarceration appropriately addresses the Defendant's violations. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a sentence of twelve months' imprisonment to run concurrently with case numbers 1:05-CR-46 and 1:14-CR-95 with no supervised release to follow. The undersigned also recommends the Tucson Federal Correction Complex be designated as the facility to serve this sentence.

## VII. Recommendations

1. The court should find that the Defendant violated a standard condition of supervised release by failing to notify the probation officer within seventy-two hours of being arrested.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should receive a sentence of twelve months' imprisonment to run concurrently with case numbers 1:05-CR-46 and 1:14-CR-95 with no supervised release to follow.

4. The undersigned also recommends the Tucson Federal Correctional Complex be designated as the facility for the Defendant to serve this sentence.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 20th day of November, 2014.

_____
Zack Hawthorn
United States Magistrate Judge